**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Case No. 18-1800<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to agency records maintained by Defendant U.S. Department of Justice ("DOJ") by and through its various components, namely, the Office of the Inspector General ("OIG"), the Federal Bureau of Investigation ("FBI"), and the Office of Information Policy ("OIP").

2. The records at issue in this lawsuit reflect the use of personal email by high-ranking agency officials to conduct government business. Specifically, CoA Institute seeks records of work-related communications created or received by former FBI Director James Comey and former FBI Chief of Staff James Rybricki on any non-governmental email accounts, as well as similar records created or received by DOJ Director of Public Affairs Sarah Isgur Flores.

3. There are three (3) FOIA requests at issue in this Complaint; not one has received a determination from DOJ. Consequently, Defendant has withheld agency records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

4. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Plaintiff CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices. CoA Institute disseminates its findings, analysis, and commentary to the public.

7. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ, by and through its components—OIG, the FBI, and OIP—has possession, custody, and/or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

8. In mid-June 2018, DOJ OIG released a report detailing "various actions by the [FBI] and [DOJ] in connection with the investigation into former Secretary of State Hillary Clinton's use of a private email server." Dep't of Justice, Office of Inspector Gen., A Review of Various Actions by the Fed. Bureau of Investigation & Dep't of Justice in Advance of the 2016 Election at i, Oversight & Review Div. No. 18-04 (2018) [hereinafter OIG Report], *available at* http://bit.ly/2LB1hgT. That report garnered much attention in the lead-up to its release, as well as after its publication. *See, e.g.*, Philip Ewing, *The Huge Justice Department IG Report Is Out. What Comes Next?*, NPR, June 15, 2018, https://n.pr/2NGhcI8.

9. Among other things, OIG concluded that various FBI employees used "personal email accounts for official government business" in the course of the Clinton inquiry. OIG Report at 424. These employees included former FBI Director James Comey, *see id.* at 425–26, as well as FBI agent Peter Strzok and former FBI attorney Lisa Page. *See id.* at 426–28.

10. With respect to Director Comey, the OIG explained that he sometimes "used a personal email account (a Gmail account)" in conjunction with "his unclassified FBI account." *Id.* at 425. Director Comey did not believe the practice of forwarding agency records to his personal email account raised any legal issues because he claimed "it was incidental and [he] always ma[de] sure that the work [email] got forwarded to [his] government account" or the work account of FBI Chief of Staff James Rybicki. *Id.* Nevertheless, based on the evidence it examined, OIG concluded that "Comey's use of a personal email account on multiple occasions" was "inconsistent" with applicable DOJ policy. *Id.* at 426.

11. OIG was unable to make any determination as to whether Director Comey used his personal email account to handle classified information because OIG was "never given access to all the work-related emails" that Director Comey sent or received from his Gmail account. *See* Statement of DOJ Inspector Gen. Michael E. Horowitz Before the U.S. S. Comm. on the Judiciary (June 18, 2018), *available at* "DOJ IG on Classified Email," C-Span, https://cs.pn/2mE8TRu (last visited Aug. 1, 2018).

12. Director Comey's use of a personal email account for official government business raises important issues of record preservation and government transparency. *See, e.g.*, CoA Inst., *Another Case of Improper Use of Email – This Time It's James Comey* (June 18, 2018), https://coainst.org/2LLha14; *see also* Todd Shepherd, *Watchdog Files Open Records Requests Seeking Comey's Personal Emails*, Wash. Free Beacon, June 14, 2018, http://bit.ly/2OaVcWS.

13. Yet, the use of personal email accounts for work-related purposes is hardly a novel phenomenon at the DOJ. In March 2017, DOJ Director of Public Affairs Sarah Isgur Flores used her personal Gmail account to issue an official statement in response to a *Washington Post* article. *See, e.g.*, Gianluca Mezzofiore, *Hillary supporters will probably get pretty angry after reading this*, Mashable, Mar 2, 2017, http://bit.ly/2uOc7q2.

### A. The June 14, 2018 OIG FOIA Request

14. By letter, dated June 14, 2018, CoA Institute submitted a FOIA request to OIG seeking access to "[a]ll emails sent or received by former FBI Director James Comey or former FBI Chief of Staff James Rybicki on a personal email account . . . conducting official government business, that were acquired or reviewed by" OIG as part of its investigation into DOJ and FBI activities during the Hillary Clinton private email inquiry. Ex. 1 at 1. CoA Institute noted that it had submitted a "separate FOIA request directly to the FBI seeking similar records," *id.* at 1–2, and therefore referral of any portion of the OIG request would be unnecessary. CoA Institute reiterated that it was "only seeking records in the possession or control of the DOJ IG." *Id.* at 2.

15. CoA Institute identified the time period for its request as "September 4, 2013 to the present." *Id.* at 1. CoA Institute also defined the terms "present" and "record" for the purposes of its request. *Id.* at 1 n.4 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002), and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016)); *see also id.* at 2 n.5 ("As it relates to all Items of this request, if the DOJ IG's search uncovers email records responsive to this request . . . the entire email chain is responsive[.]").

16. CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–4.

17. By letter, dated June 22, 2018, OIG acknowledged that it had received CoA Institute's FOIA request on June 14, 2018 and assigned it tracking number 18-OIG-330. Ex. 2.

Although OIG did not issue any determinations on CoA Institute's fee-related requests, it did recite form language concerning the charging of fees and advised that it would contact CoA Institute "if fees are required." *Id.*

18. To date, OIG has failed to provide any update aside from its acknowledgement letter: it has not provided a determination within twenty working days, *see* 5 U.S.C. § 552(a)(6)(A)(i); it has not invoked the automatic statutory extension of its response deadline due to "unusual circumstances," *see id.* § 552(a)(6)(B)(i); and it has not otherwise sought to provide an estimated date of completion for its response or otherwise attempt to arrange an alternative time frame for processing. *See id.* § 552(a)(6)(B)(ii).

### B.    The June 14, 2018 FBI Request

19. By letter, dated June 14, 2018, CoA Institute submitted a FOIA request to the FBI seeking access to "[a]ll emails sent or received by former FBI Director James Comey or former FBI Chief of Staff James Rybicki on a personal email account . . . conducting official government business." Ex. 3 at 1.

20. CoA Institute identified the time period for its request as "September 4, 2013 to the present." *Id.* CoA Institute also defined the terms "present" and "record" for the purposes of its request. *Id.* at 1 n.4 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002), and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016)); *see also id.* at 1 n.5 ("As it relates to all Items of this request, if the FBI's search uncovers email records responsive to this request . . . the entire email chain is responsive[.]").

21. CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–4.

22. By letter, dated June 25, 2018, the FBI acknowledged that it had received CoA Institute's FOIA request through the eFOIAPA system and assigned it tracking number 1409143-

000. Ex. 4 at 1. The FBI indicated that CoA Institute's "request for a public interest fee waiver [was] under consideration," but granted CoA Institute's request for categorization as a representative of the news media for fee purposes. *Id.*

23.     Although CoA Institute did not request expedited treatment of its request, the FBI included a denial of such processing in its acknowledgement letter, claiming that CoA Institute did "not provide[] enough information concerning the statutory requirements." *Id.* at 2.

24.     To date, the FBI has failed to provide any further update: it has not issued a determination within twenty working days, *see* 5 U.S.C. § 552(a)(6)(A)(i); it has not invoked the automatic statutory extension of its response deadline due to "unusual circumstances," *see id.* § 552(a)(6)(B)(i); and it has not otherwise sought to provide an estimated date completion for its response or to attempt to arrange an alternative time frame for processing. *See id.* § 552(a)(6)(B)(ii).

### C.     The March 2, 2017 OIP Request

25.     By letter, dated March 2, 2017, CoA Institute submitted a FOIA request to OIP seeking access to two categories of records. First, CoA Institute sought "[a]ny email, including attachments, sent by Sarah Isgur Flores on or about March 1, 2017 from a non-governmental email account, containing a statement in response to news reports that Attorney General Jeff Sessions met with the Russian Ambassador during the 2016 Presidential Election." Ex. 5 at 2. Second, CoA Institute requested "[a]ll other emails, including attachments, sent or received by Sarah Isgur Flores on a non-governmental email account that were for the purpose of conducting official government business." *Id.*

26.     CoA Institute noted that "[t]he term 'email' for Items 1 and 2 of th[e] request . . . includes the entirety of any email chain, any portion of which contains an individual email message

responsive to this request." *Id.* at 2 n.6 (citing *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677–78 (D.C. Cir. 2016)).

27. CoA Institute identified the time period for Item 2 of the request as "January 20, 2017 to the present," and it defined the term "present" to mean "the date on which the agency begins its search for responsive records." *Id.* at 2 n.7 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002)).

28. CoA Institute requested classification as a representative of the news media for fee purposes. *Id.* at 2–3.

29. By letter, dated March 30, 2017, OIP, "on behalf of the Office of Public Affairs," acknowledged that it had received CoA Institute's request on March 8, 2018 and assigned it tracking number DOJ-2017-002843 (PAO). Ex. 6 at 1. OIP also cited "unusual circumstances," namely, the need to "search in another Office," extended its response deadline by ten working days, and assigned CoA Institute's FOIA request to the "complex" processing queue. *Id.* OIP did not issue any determinations on CoA Institute's fee-related requests.

30. Between May 15, 2017 and February 14, 2018, CoA Institute contacted OIP on five (5) separate occasions to request an update on the status of its March 2, 2017 FOIA request. *See* Ex. 7. On December 12, 2017, OIP indicated that "records are currently under review and will require consultation with other entities." *Id.* at 2. Yet, OIP refuses to identify the "entity" with which consultations are ongoing and/or planned. *Id.* at 1.

31. To date, OIP has not provided any further update on the status of CoA Institute's request, nor has it provided an estimated date of completion.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Deadlines

32. CoA Institute repeats and incorporates by reference paragraphs 1 through 31.

33. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

34. The FOIA also requires an agency to respond to valid requests and timely appeals within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)(i)–(ii); *id.* § 552(a)(6)(B).  If an agency requires additional time to process a request, the FOIA mandates that the agency provide the requester with "an opportunity to arrange . . . an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

35. The three (3) FOIA requests at issue in this Complaint seek access to agency records maintained by various DOJ components.  These requests reasonably describe the records sought and otherwise comply with the FOIA and applicable DOJ regulations.

36. Defendant DOJ—by and through its component agencies—has failed to issue a final determination on or promptly produce records responsive to CoA Institute's FOIA requests within the applicable time limits.

37. Defendant DOJ also has failed to comply with the FOIA in that it has not "arrange[d] . . . an alternative time frame" for responding to CoA Institute's FOIA requests, has not issued any estimated dates of completion, and has not invited CoA Institute to negotiate "alternative" response dates for its requests.

38. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to all three (3) FOIA requests at issue in this Complaint.

**RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Order Defendant DOJ to process CoA Institute's FOIA requests and issue final determinations within twenty (20) business days of the date of the Order;

b. Order Defendant DOJ to promptly produce all responsive records upon issuance of its final determination;

c. Maintain jurisdiction over this case until Defendant DOJ complies with the Order and, if applicable, adequately justifies its treatment of all responsive records;

d. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant such other relief as the Court may deem just and proper.

Dated:  August 1, 2018                           Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
lee.steven@causeofaction.org
ryan.mulvey@causeofaction.org

*Counsel for Plaintiff CoA Institute*