**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                  )
CAUSE OF ACTION INSTITUTE,            )
                                                                  )
        Plaintiff,                              )
                                                                  )
   v.                                                      )  Civil Action No. 18-1800 (APM)
                                                                  )
U.S. DEPARTMENT OF JUSTICE,            )
                                                                  )
        Defendant.                          )
_____  )

# INTERIM NOTICE OF COMPLIANCE WITH COURT ORDER

Defendant, the U.S. Department of Justice ("DOJ"), pursuant to the Court's Order dated April 25, 2019 (ECF No. 22), hereby provides notice of the current state of Defendant's compliance with the April 25, 2019, Order in this Freedom of Information Act ("FOIA") case. That Order required the following:

1. Defendant shall, as soon as practicable, send a preservation notice to Ms. Flores directing her not to delete any official email that remains stored within her personal email account.

2. Defendant shall coordinate with Ms. Flores to copy onto a portable thumb drive or some other storage device all emails stored within her personal email account, including those found in archived and deleted folders. Ms. Flores shall keep in her possession the copied emails until the court orders that they be searched.

3. Defendant shall notify the court of its compliance with this order by no later than May 2, 2019.

ECF No. 22 at 2-3.

On April 26, 2019, Defendant, through undersigned counsel, contacted Ms. Isgur and provider her with a copy of the April 25, 2019 Order. Defendant has also provided a formal preservation notice to Ms. Isgur, along with instructions that she is to retain all official email she possesses. Defendant has provided Ms. Isgur technical guidance on how to store her personal

email on an external hard drive, which has been provided by Defendant and which Ms. Isgur is to keep in her possession.

As she attests in the attached affidavit, Ms. Isgur will not delete any official email in her personal email account.  Further, Ms. Isgur has begun the process of saving to the provided hard drive the extensive contents of her personal email account, but because of the account's large size, Google has advised her that it will take several additional days for all the records to be made available to her in a format by which they can be stored on an external hard drive.  When that transfer is complete, Ms. Isgur will provide notice to the Court via Defendant, and in all events Defendant will provide the Court with an update no later than seven days from the date of this Notice, if not sooner.

Notwithstanding these substantial compliance efforts, Defendant respectfully objects to, and asks this Court to consider clarifying, the scope of the preservation Order, which on its face is overbroad and, as such, unduly infringes on Ms. Isgur's personal privacy.  As her declaration notes, her Gmail account includes "over 15 years worth of personal emails."  Aff. ¶ 4.  However, Ms. Isgur's relevant period of employment with the Department of Justice was from 2017 through early 2019.  *Id.* ¶ 1.  The Order, however, requires Ms. Isgur to preserve the entirety of her personal e-mail without regard to any time or subject-matter limitations.  Accordingly, Defendant respectfully requests that the Court clarify its Order so as to require preservation of emails only during the period when Ms. Isgur was employed at DOJ.  Undersigned counsel contacted counsel for Plaintiff and Plaintiff opposes such a clarification.  Relatedly, Defendant reserves its right to argue at a later date that some (or all) of the preserved e-mails are irrelevant to, and/or outside the scope of, the present FOIA lawsuit.  Defendant also reserves its right to

oppose at a later date the search or production of any records contained in Ms. Isgur's personal email.

These concerns and objections notwithstanding, Defendant respectfully submits that the above actions demonstrate substantial compliance with the Court's April 25, 2019 Order. As noted, Defendant will submit to this Court a further notice no later than May 9, 2019.

        Respectfully submitted,

        JESSIE K. LIU, D.C. Bar. No. 472845
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

By:   /s/ *Christopher Hair*
        CHRISTOPHER HAIR, Pa. Bar No. 306656
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 252-2541
        Christopher.Hair@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-1800 (APM) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

## AFFADAVIT OF SARAH ISGUR

I, Sarah Isgur, declare the following to be true and correct:

1. I am the former Director of the Department of Justice's Office of Public Affairs. I served in that position from approximately February 28, 2017, to February 15, 2019.

2. I have received a copy of the Order entered April 25, 2019, in *Cause of Action Institute v. U.S. Department of Justice*, Civil Action No. 18-cv-1800 (D.D.C.). I understand that the Order requires, among other things, that I preserve any official email that remains stored in my personal email and also that I store all emails in my personal email, including those found in archived and deleted folders, on a portable storage device.

3. Although I took extraordinary steps to ensure that any and all official emails that were sent or received from my personal email were captured on my official Department of Justice email account, I will ensure that any official email that remains stored in my personal email will not be deleted.

4. Because of the scope of this order, Google has informed me that it may take several days or more to complete the process required to download over 15 years worth of personal emails from their system. I have obtained an external hard drive and Google has begun the process of

downloading the emails in a format that can be emailed to me so that I may download them onto my computer and then upload them onto the external hard drive. I will inform the Court when this process has been completed, and I will retain this hard drive and will not modify its contents pending a further Order of the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated May 2, 2019

Sarah Isgur